**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
jerry@steeringlaw.com
Brenton W. Aitken Hands, Esq. (SBN 308601)
brentonaitken@gmail.com
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Attorneys for Plaintiff Kevin Giang

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GIANG, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SAN BERNARDINO and DOES 1 through 10, INCLUSIVE, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW [42 U.S.C. § 1983] CLAIM FOR UNREASONABLE SEIZURE OF PERSON [U.S. CONST. AMEND 4]; CLAIM FOR USE OF UNREASONABLE FORCE UPON PERSON [U.S. CONST. AMEND 4]; *MONELL* CLAIM FOR FAILURE TO TRAIN; CLAIM FOR VIOLATION OF FIRST AMENDMENT FREE SPEECH / RIGHT TO PETITION RIGHTS [U.S. CONST. AMEND 1] and CALIFORNIA STATE LAW CLAIMS FOR VIOLATION OF BANE ACT [CAL. CIV. CODE § 52.1]; FALSE ARREST / FALSE IMPRISONMENT; BATTERY; ASSAULT and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

**JURY TRIAL DEMANDED**

**COME NOW** plaintiff Kevin Giang, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.     Plaintiff Kevin Giang filed his Claim For Damages against the City of San Bernardino on January 28, 2021, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq[1]. Said claim was rejected by defendant City of San Bernardino on July 30, 2021.

## GENERAL ALLEGATIONS

5.     Plaintiff Kevin Giang, hereinafter referred to as "GIANG" and/or "plaintiff" and/or "Kevin Giang" is a natural person, who, at all times complained of in this action, resided in the State of California.

6.     Defendant City of San Bernardino, hereinafter also referred to as

_____

[1] More recently renamed via judicial fiat, the California Government Claims Act.

COMPLAINT FOR DAMAGES

2

"City of San Bernardino" or "CITY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

7.     Defendants DOES 1 through 6, inclusive, are sworn police officers and/or other type of peace officers and/or supervisors and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant City of San Bernardino and/or with some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn police officers and/or other type of peace officers and/or supervisors and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant City of San Bernardino and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant City of San Bernardino.

9.      Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the City of San Bernardino and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate

officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the City of San Bernardino and/or with some other public entity: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully arresting persons who complain about extrajudicial evictions and assaults and batteries upon their persons; 4) for unlawfully seizing persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers, public officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for covering-up unlawful and tortious conduct by City of San Bernardino personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

10.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

11.    At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as police officers and/or Supervisory Officers, such as the Chief of Police, Assistant Chiefs, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy

making and/or final policy making officials, employed by the City of San Bernardino and/or with some other public entity, and/or some other public official(s) with the City of San Bernardino and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant the City of San Bernardino.

12.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers / officials, with defendant City of San Bernardino.

13.    Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the City of San Bernardino and/or with some other public entity, for, inter alia: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully arresting persons who complain about extrajudicial evictions and assaults and batteries upon their persons; 4) for unlawfully seizing persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for covering-up unlawful and tortious conduct by the City of San Bernardino and/or with some other public entity personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and

complained of by the plaintiffs in this action.

14.     In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Kevin Giang of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff Kevin Giang of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

15.      Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Kevin Giang's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
### UNREASONABLE SEIZURE OF PERSON UNDER
### FOURTH AMENDMENT TO UNITED STATES CONSTITUTION
### [42 U.S.C. § 1983]
### (By Plaintiff Kevin Giang against defendants DOES 1 through 8, inclusive)

16.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17.     On May 12, 2020, at approximately 10:00 p.m., plaintiff was awoken by his landlord's two friends, who were banging on plaintiff's bedroom door, and demanding that he leave his rented room, in an attempt to illegally evict and dispossess the plaintiff of his home, through extrajudicial means.

18.     Plaintiff had lived at 1353 Parkside Drive in the City of San Bernardino for approximately three weeks at the time of the subject incidents complained of herein, and had a written rental agreement with his landlord, Jamie Pruitt, to live at the subject premises.

19.     Plaintiff was unable to sleep because Jamie Pruitt's friends were

banging on his door, so plaintiff then proceeded to call the San Bernardino Police Department to keep the peace.

20.    When certain unknown San Bernardino Police Department police officers arrived, DOES 1 and 2, Jamie Pruitt lied to the police and told them that plaintiff was taking prescription medication that was not prescribed to him — something that was not true — in an effort to have plaintiff falsely arrested for drug possession, and pursuant to another attempt to unlawfully evict the plaintiff.

21.    As plaintiff walked outside of his home to speak with the police, his dog wandered outside as plaintiff was exiting the subject premises, because the front door to plaintiff's home was ajar.

22.    At that moment, one of the officers placed his hand on his gun and ordered plaintiff to put his dog inside the home, and then immediately told the plaintiff to get on the ground (thereby ordering plaintiff to do two things at once). Plaintiff begged the officers not to shoot his dog.

23.    Plaintiff complied with the DOE 1 and/or DOE 2 officers' order(s) and got on the ground, and plaintiff was then ordered to place his hands behind his back. When plaintiff complied and placed his hands behind his back, he was handcuffed by said officer(s), and was unlawfully arrested without probable cause or any reasonable suspicion of criminality of the plaintiff.

24.    Thereafter, one of the officers, DOE 1 and/or DOE 2, kicked plaintiff in the ribs on his right side, while another officer, DOE 1 and/or DOE 2, placed his knee on plaintiff's head, thereby injuring plaintiff without any legal or moral justification for doing so.

25.    Plaintiff was thereafter placed in the back of a San Bernardino Police Department patrol car. Plaintiff complained to said officers, DOE 1 and/or DOE 2, about being falsely arrested and unlawfully assaulted and battered, and demanded a supervisory officer come out the scene of the subject incident.

26.    When a supervisory officer arrived, DOE 7 and/or DOE 8, plaintiff

complained about being falsely arrested and unlawfully assaulted and battered, and that supervisory officer then called the San Bernardino Fire Department to come the scene of the subject incident. However, when the fire department arrived, they merely looked inside the patrol car at plaintiff, and did not render any medical aid.

27.    Plaintiff was then taken out the back of the patrol car and said officer(s), DOE 1 and/or DOE 2, removed the handcuffs, and released plaintiff, because plaintiff had not committed a crime.

28.    Plaintiff was handcuffed for approximately an hour, and the handcuffs were cinched down excessively on plaintiff's wrists, thereby causing plaintiff excruciating pain and suffering.

29.    A few hours later, the following day, May 13, 2020, at approximately 1:00 a.m., plaintiff went to the Emergency Room at St. Bernardine Medical Center in the City of San Bernardino, because plaintiff was having trouble breathing after being kicked in the ribs and being kneed on his head while handcuffed by DOE 1 and/or DOE 2, as described above.

30.    The medical staff at the hospital administered an ice pack to plaintiff, and sent him home. Plaintiff subsequently had difficulty breathing for approximately five months after being unlawfully kicked in the ribs when he was handcuffed by said San Bernardino Police Department police officer(s), DOE 1 and/or DOE 2.

31.    Thereafter, on May 13, 2020, at approximately 7:00 a.m., plaintiff went to the San Bernardino Police Department station to file a complaint against the officer(s) who falsely arrested, assaulted and battered the plaintiff, DOE 1 and/or DOE 2, and a certain unknown San Bernardino Police Department police officer, DOE 3, refused to allow plaintiff to make a complaint.

32.    A few hours later, on May 13, 2020, at approximately 10:00 a.m., plaintiff again had to call the police from his home to keep the peace because one

of Jamie Pruitt's friends was throwing random objects at plaintiff, and demanding plaintiff pack his belongings and leave his home, in another attempt to unlawfully evict the plaintiff through extrajudicial means.

33. Certain unknown San Bernardino Police Department police officer(s) arrived and talked with plaintiff's landlord, and were able to keep the peace at plaintiff's home.

34. That same day, May 13, 2020, Jamie Pruitt filed a restraining order against the plaintiff with the San Bernardino County Superior Court—yet another unlawful attempt to evict the plaintiff by enjoining him from living in his own home; this time via judicial means, attempted via perjury.

35. Thereafter, also on May 13, 2020, at approximately 7:30-8:00 p.m., plaintiff again called the police to complain because he was bruised and in pain from being assaulted and battered by DOE 1 and/or DOE 2 the night before, and the desk officer at the station earlier that day refused to take a written complaint, as described above.

36. When certain unknown San Bernardino Police Department police officer(s) arrived, DOE 4 and/or DOE 5, they falsely arrested the plaintiff for a violation of Cal. Penal Code § 148.3(a) (false report of an emergency), handcuffed plaintiff and took him to San Bernardino City Jail.

37. Thereafter, plaintiff was released from jail on a citation for violation of Cal. Penal Code § 148.3(a) (false report of an emergency) at approximately 4:00 a.m. the following morning, May 14, 2020.

38. The following day, May 15, 2020, plaintiff was again awoken in the morning by the Jamie Pruitt's father banging on his bedroom door. When plaintiff opened his bedroom door Jamie Pruitt's father was holding a chain saw in a threatening manner. Plaintiff had changed the lock on his bedroom door to prevent the landlord and her family and friends from entering plaintiff's room, and Jamie Pruitt's father told plaintiff that he was going to cut the lock with the chainsaw,

and demanded that plaintiff pack up his belongings and leave his home, in yet another attempt to unlawfully evict / dispossess the plaintiff by extrajudicial means.

39.   When plaintiff tried to leave his home (knowing that he could not call the police out of fear of being arrested again), Jamie Pruitt's friend's truck was blocking plaintiff's car in the driveway, preventing the plaintiff from leaving his home.

40.   Plaintiff was then told by Jamie Pruitt's father that if he signed a document agreeing to move out of his home, Jamie Pruitt's father would give him all of his money back (something that was not true), and that Jamie Pruitt's father would pay for a U-Haul truck and storage space.

41.   The actions of defendants DOES 1 through 10, inclusive, as complained above herein, constituted a violation of plaintiff GIANG's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure his person.

42.   As a direct and proximate result of the actions of defendants DOES 1 through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property, and associated special damages and other expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

43.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff GIANG's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

### SECOND CAUSE OF ACTION
### USE OF UNREASONABLE FORCE ON PERSON
### UNDER FOURTH AMENDMENT TO UNITED STATES CONSTITUTION

COMPLAINT FOR DAMAGES

10

**[42 U.S.C. § 1983]**
**(By plaintiff KEVIN GIANG against defendants DOES 1 through 8, inclusive)**

44.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as if set forth in full herein.

45.   As shown above, on March 12, 2020, defendants DOE 1 and/or DOE 2, kicked plaintiff in the ribs on his right side, while another officer, DOE 1 and/or DOE 2, placed his knee on plaintiff's head, thereby injuring plaintiff without any justification, while plaintiff was in handcuffs on the ground.

46.   Moreover, in effecting that arrest, defendant(s) DOE 1 and/or DOE 2 cinched the handcuffs down excessively tight, causing plaintiff severe pain to his wrists.

47.   Furthermore, as shown above, said use of excessive force by defendants DOE 1 and/or DOE 2 was not justified, unreasonable, excessive and caused serious physical injuries to plaintiff's ribs, neck, and head and other parts of plaintiff's body.

48.   Thereafter, on March 13, 2020, as shown above, after plaintiff contacted the San Bernardino Police Department to complain about his false arrest, assault and battery on March 12, 2020, by defendants DOES 1 and 2, defendants DOES 4 through 6, inclusive, retaliated against plaintiff for making that complaint to the San Bernardino Police Department against DOES 1 and 2, by falsely arresting him for violation of California Penal Code § 148.3(a) (false report of an emergency); knowing that plaintiff's report of his false arrest and use of excessive / unlawful / unreasonable force against him by DOES 1 and 2 was

true and correct[2].

49. Pursuant to that March 13, 2020 arrest, defendants DOES 4 through 6, inclusive, handcuffed plaintiff and took him to San Bernardino City Jail.

50. In effecting that arrest, defendants DOE 4 through 6, inclusive, also cinched the handcuffs down excessively tight, causing plaintiff excruciating pain to his wrists.

51. The actions of defendants DOE 1 and/or DOE 2, and DOE 4 and/or DOE 5, inclusive, as complained above herein, constituted a violation of plaintiff GIANG's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

52. As a direct and proximate result of the actions of defendants DOES 1 through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property and associated special damages and other expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

53. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff GIANG's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

### THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED

---

[2] Or, in the alternative, not knowing whether plaintiff's complaints to the San Bernardino County Police Department were true or not, nonetheless still retaliated against him for merely complaining to the San Bernardino Police Department about the actions of DOES 1 and 2.

## ON FAILURE TO TRAIN; MONELL[3] CLAIM
**(By plaintiff KEVIN GIANG against defendants CITY and DOES 7 through 10 inclusive)**

54.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53 inclusive, above, as if set forth in full herein.

55.    As shown above, when defendants DOES 1 through 10, inclusive, deprived plaintiff GIANG of his particular rights under the United States Constitution, they were acting under the color of state law.

56.    The training policies of defendants CITY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants CITY and DOES 7 through 10, inclusive, failed to train its police officers: 1) that they have no right to arrest (or otherwise take adverse actions against) persons for making complaints against fellow officers to their employing agencies, and that such complaints are deemed to be protected under the First Amendment's[4] free speech and right to petition clauses; 2) to handcuff detainees and arrestees in a manner that does not physical injure, or otherwise inflict great pain and suffering on the handcuffed persons, 3) that kicking and punching detainees and arrestees as a form of "distraction blows" are unreasonable / excessive / unlawful uses of force upon detainees and arrestees.

55.    Defendants CITY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer personnel adequately; and

———————————

[3] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

[4] U.S. Const. Amend. 1.

COMPLAINT FOR DAMAGES
13

56.    The failure of defendants CITY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiff's rights by the defendants CITY and DOES 1 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

57.    As a direct and proximate result of the actions of defendants DOES 1 through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property and associated special damages and other expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

58.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff GIANG's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

### FOURTH CAUSE OF ACTION
### VIOLATION OF RIGHT TO FREEDOM OF SPEECH / RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES FIRST AMENDMENT TO UNITED STATES CONSTITUTION
### [42 U.S.C. § 1983]
### (By plaintiff KEVIN GIANG against defendants DOES 1 through 10, inclusive)

59.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60.    As shown above, throughout the course of the subject incidents on March 12 and 13, 2020, plaintiff GIANG verbally protested to defendants DOES 1 through 8, inclusive, and to the San Bernardino Police Department about his

false arrests, assaults and batteries upon his person by San Bernardino Police Department police officers DOES 1 and 2.

61.   Moreover, as shown above, in response to and in retaliation for plaintiff GIANG verbally protesting his false arrests, assaults, batteries and the use of excessive force upon his person by San Bernardino Police Department police officers DOES 1 and 2 on March 12, 2020, plaintiff GIANG was falsely arrested a second time, on March 13, 2020, for a violation of Cal. Penal Code § 148.3(a) (false report of an emergency), and said San Bernardino Police Department police officers handcuffed plaintiff and took him to San Bernardino City Jail.

62.   Moreover, as shown above, in addition to using excessive force in kicking plaintiff's ribs and kneeling on his head while in handcuffs during the first arrest, said defendants DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5 cinched the handcuffs down excessively tight during plaintiff's arrests of March 12 and 13, 2020, causing plaintiff excruciating pain to his wrists—all in retaliation for plaintiff's verbal protests.

63.   Moreover, defendants DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5's, inclusive, violent and brutal actions taken by them against plaintiff GIANG would chill a person of ordinary firmness from continuing to engage in the protected activity.

64.   Plaintiff GIANG's protected activity (verbally protesting his false arrests, assaults, batteries and the use of excessive force upon his person by said San Bernardino Police Department police officers, to the officers, and to the police department) was a substantial or motivating factor in the decisions of defendants DOES 1 through 6, inclusive, to take adverse actions / to retaliate against the plaintiff, by falsely arresting him and by using unreasonable / excessive force against plaintiff.

65.   As a direct and proximate result of the actions of defendants DOES 1

through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property and associated special damages and other expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

66.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff GIANG's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

### FIFTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By plaintiff KEVIN GIANG against defendants CITY and DOES 1 through 10, inclusive)

67.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 66, inclusive, above, as if set forth in full herein.

68.     As shown above, defendants DOES 1 through 6, inclusive, used unlawful and excessive force upon plaintiff GIANG, in violation of his rights to be free from the same under both the California Constitution and the United States Constitution.

69.     Said actual use of violence against the plaintiff GIANG by defendants DOES 1 through 6, inclusive, caused physical injury to GIANG, and constituted the actual use of violence against the plaintiff GIANG in order to deter and prevent him from exercising his constitutional right to verbally protest police actions taken against him, to said violating officers, and to their employing agency; the San Bernardino Police Department.

70.     Moreover, as shown above, said defendants DOES 1 through 6,

inclusive, used unlawful and unreasonable force upon the plaintiff GIANG; said use of unreasonable force in itself being a violation of Section 52.1.

71.    Defendants DOES 1 through 6, inclusive, interfered with, and/or attempted to interfere with, by use of actual violence, the exercise or enjoyment by the plaintiff GIANG of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

72.    Said defendants CITY[5], and DOES 1 through 10, inclusive, are liable to the plaintiff GIANG for said violations of his constitutional rights, pursuant to California Civil Code § 52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

73.    As a direct and proximate result of the actions of defendants DOES 1 through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property and associated special damages and other expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

74.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously and oppressively, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

75.    In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

## SIXTH CAUSE OF ACTION

_____

[5] Via vicarious liability under Cal. Gov't Code § 815.2 and 820.

### False Arrest / False Imprisonment
### Under California State Law
### (By plaintiff KEVIN GIANG against defendants CITY and DOES 1 through 10, inclusive)

76.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 75, inclusive, above, as if set forth in full herein.

77.     As complained of above, plaintiff was unlawfully seized and arrested by defendants DOE 1 through 6, inclusive, on March 12 and 13, 2020, as described above.

78.     As complained of above, on both March 12, 2020 and March 13, 2020, defendants DOES 1 through 6, inclusive, had neither a warrant nor probable cause to believe that plaintiff GIANG had committed a crime, nor reasonable suspicion of criminality afoot about the plaintiff.

79.     Plaintiff GIANG was actually harmed by said conduct of defendants DOES 1 through 6, inclusive.

80.     Defendants CITY[6] and DOES 1 through 6, inclusive, are liable to the plaintiff for their false arrests and unlawful detentions of plaintiff of March 12 and 13, 2020, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

81.     As a direct and proximate result of the actions of defendants DOES 1 through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property and associated special damages and other expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

82.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously and oppressively, sufficient for an award of

---

[6] Against CITY via vicarious liability under Cal. Gov't Code § 815.2 and 820.

COMPLAINT FOR DAMAGES

18

punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

## SEVENTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(By plaintiff KEVIN GIANG against defendants CITY and DOES 1 through 10, inclusive)**

82.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 81, inclusive, above, as if set forth in full herein.

83.     The actions committed by defendants DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon the plaintiff GIANG, and constituted a battery of him by defendants DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5, inclusive, under California state law.

84.     Defendants CITY[7], DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5, inclusive, and each of them, are liable to the plaintiff GIANG for said batteries of him, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

85.     As a direct and proximate result of the actions of defendants DOES 1 through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property and associated special damages and other expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

86.     The actions of said defendants, and each of them, as complained of

---

[7] Via vicarious liability under Cal. Gov't Code § 815.2 and 820.

herein, were committed maliciously and oppressively and in reckless disregard of plaintiff GIANG's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

## EIGHTH CAUSE OF ACTION
### Assault
### Under California State Law
### (By Plaintiff KEVIN GIANG against defendants CITY and DOES 1 through 10, inclusive)

87. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 86, inclusive, above, as if set forth in full herein.

88. The actions committed by defendants DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5, inclusive, above-described, constituted an assault of the plaintiff GIANG under California state law, as said plaintiff was unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5, inclusive during the March 12, 2020 and March 13, 2020 incidents complained of above.

89. Defendants CITY[8], DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5, inclusive, are liable to under California state law for said assaults of the plaintiff, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

90. As a direct and proximate result of the actions of defendants DOES 1 through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property and associated special damages and other expenses, and 3) incurred general

---

[8] Via vicarious liability under Cal. Gov't Code § 815.2 and 820.

damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

91.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously and oppressively, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

## NINTH CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
### Under California State Law
### (By Plaintiff KEVIN GIANG against defendants CITY and DOES 1 through 10, inclusive)

92.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 91, inclusive, above, as if set forth in full herein.

93.   Defendants DOE 1 and/or DOE 2 and DOE 4 and/or DOE 5, inclusive, and each of them, knew and/or should have known that plaintiff GIANG was susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff GIANG as complained of above and herein.

94.   Moreover, the conduct of said defendants, for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

95.   Defendants CITY[9], and DOES 1 through 10, inclusive, are liable to under California state law for said intentional inflictions of emotional distress of the plaintiff GIANG, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

---

[9] Via vicarious liability under Cal. Gov't Code § 815.2 and 820.

96.     As a direct and proximate result of the actions of defendants DOES 1 through 8, inclusive, plaintiff GIANG was: 1) substantially physically, mentally and emotionally injured, 2) incurred medical bills, the loss of use of his property and associated special damages and other expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000,000.00.

97.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously and oppressively, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)     For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)     For a judgment against all defendants, save CITY, for punitive damages in an amount in excess of $3,000,000.00;

c)     For an award of reasonable attorney's fees and costs;

d)     For a trial by jury; and

e)     For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING
Attorney for Plaintiff