**STEVEN J. ROTHANS – State Bar No. 106579**
**CAYLIN W. JONES – State Bar No. 327829**
**CARPENTER, ROTHANS & DUMONT**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 (fax)
srothans@crdlaw.com / cjones@crdlaw.com

Attorneys for Defendant, City of San Bernardino, a public entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GIANG,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF SAN BERNARDINO and DOES 1 through 10, INCLUSIVE,<br><br>    Defendants. | Case No: 5:22-cv-00178-JFW-RAO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:, May 9, 2022<br>Time: 1:30 p.m.<br>Courtroom: 7A<br><br>Discovery Cut-Off:  Not set<br>Final Pre-Trial Conf.:  Not set<br>Trial:  Not set |

PLEASE TAKE NOTICE that on May 9, 2022, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 7A of the United States District Court, Central District, located at 350 W. First Street, Los Angeles, California 90012, Defendant City of San Bernardino, a public entity, will and hereby does move this Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for an order dismissing the plaintiff's state law claims (claims five through nine), with prejudice, where the all of the plaintiff's state law claims are barred, given his

failure to file a timely Claim for Damages with the City of San Bernardino, as required by the California Tort Claims Act.

As required by Central District Local Rule 7-3, prior to the filing of this motion, defense counsel has met and conferred with plaintiff's counsel on the issues presented in this motion.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the City of San Bernardino's request for judicial notice, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

DATED: April 7, 2022            CARPENTER, ROTHANS & DUMONT LLP

                                /s/ *Caylin W. Jones*
                        By: _____
                                Steven J. Rothans
                                Caylin W. Jones
                                Attorneys for Defendant,
                                City of San Bernardino

- 2 -
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR DAMAGES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case arises out of a domestic dispute between plaintiff and his roommate on May 12 and May 13 of 2020. Plaintiff alleges that the responding officers falsely arrested him and used excessive force. The plaintiff asserts a variety of claims under 42 U.S.C. § 1983 for violation of his civil rights as well as state tort claims. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the City seeks dismissal of the plaintiff's state law claims, with prejudice, where the plaintiff did not file a timely Claim for Damages with the City of San Bernardino or seek leave to file a late claim and therefore pursuant to the California Tort Claims Act all of his state claims are barred.

## II.  PLAINTIFF'S CLAIMS

The Complaint for Damages asserts the following nine claims against the City of San Bernardino. The City seeks to dismiss claims five through nine which are brought under California state law:

(1) "42 U.S.C. § 1983" – Unreasonable Seizure
(2) "42 U.S.C. § 1983" – Excessive Force
(3) "42 U.S.C. § 1983" – Monell
(4) "42 U.S.C. § 1983" – First Amendment Retaliation
(5) Violation of Civil Code § 52.1 (Bane Act)
(6) False Arrest / False imprisonment
(7) Battery
(8) Assault
(9) Intentional Infliction of Emotional Distress

///
///
///
///

- 1 -
NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR DAMAGES

### III. STATEMENT OF LAW

#### A. Plaintiff's State Claims are Barred for Failure to Comply with the California Tort Claims Act.

All of plaintiff's state tort causes of action (claims five through nine) are barred by the California Tort Claims Act because the plaintiff failed to timely file a Claim for Damages with the City of San Bernardino prior to filing this lawsuit.

California Government Code section 945.5 provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim therefor has been presented to the public entity." Cal. Govt. Code § 945.4. A claim for money damages for injury to person or personal property must be presented within six months of the date the claim accrues. Cal. Govt. Code § 911.2(a). Alternatively, if a claim is not presented within six months of when it accrues, Government Code section 911.4 allows a claimant to submit an application for leave to present a late claim. Cal. Govt. Code § 911.4(a). But, even then, such an application must be presented "within a reasonable time not to exceed one year after the accrual . . ." Cal. Govt. Code § 911.4(b).

**The "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."** State v. Super. Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (emphasis added); see also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1224 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the Tort Claims Act before commencing a civil action."); Rezaipour v. Cty. of Los Angeles, No. CV1205005MWFVBKX, 2014 WL 12674923, at *8 (C.D. Cal. July 10, 2014), aff'd, 655 F. App'x 552 (9th Cir. 2016) (same).

The incidents this lawsuit arises out of occurred on May 12th and 13th of 2020 (Compl. at ¶ 17, ¶ 29), therefore under Government Code section 911.2(a)

the plaintiff was required to file a tort claim by November 13, 2020, however, the plaintiff failed to do so.  Instead, the plaintiff filed a claim nearly eight months after the incident on January 28, 2021, which was received by the City of San Bernardino on February 1, 2021.  See Ex. 1. Upon receipt of the plaintiff's untimely claim, on February 4, 2021, the City immediately notified the plaintiff through his counsel of record, Jerry Steering, that the claim was untimely and the plaintiff's only recourse "is to apply without delay to the City of San Bernardino for Leave to Present a Late Claim."  See Ex. 2.  Although the plaintiff was notified of his failure to file a timely claim, and the necessary recourse available (i.e., to file leave to present a late claim), he failed to do so.  On July 30, 2021, the City of San Bernardino sent a follow up letter to plaintiff's counsel Jerry Steering informing him that because the plaintiff failed to file a timely claim, and failed to seek leave to present a late claim, the claim was rejected for failing to comply with the Tort Claims Act.  See Ex. 3.  Therefore, the plaintiff's state law claims are barred as a matter of law for failing to comply with the California Tort Claims Act.

## IV.   CONCLUSION

Based upon the foregoing, the City of San Bernardino respectfully requests that this Court grant the instant Motion to Dismiss, dismissing all of the plaintiff's states law claims, claims five through nine, with prejudice.

DATED: April 7, 2022            CARPENTER, ROTHANS & DUMONT LLP

                                /s/ Caylin W. Jones
                        By: _____
                                Steven J. Rothans
                                Caylin W. Jones
                                Attorneys for Defendant,
                                City of San Bernardino

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR DAMAGES